ROBERTS *v.* STATE.

No. 39691          June 13, 1955          80 So. 2d 841

*Ben Stevens, Jesse M. Byrd,* Hattiesburg; *L. Barnett Jones,* Jackson, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant appeals from a judgment of the Circuit Court of Greene County convicting him of perjury and sentencing him to a term of five years in the State penitentiary. The perjury charge was predicated upon the alleged falsity of certain testimony given by the appellant as a witness in a replevin action in the Circuit Court of Greene County.

The circumstances out of which the perjury charge arose are as follows: On October 1, 1951, J. W. Roberts, a distant cousin of the appellant, was the owner of a certain sawmill and executed a deed of trust thereon to Paul S. Griffith, trustee for the benefit of Peavey Trotter, securing an indebtedness to the said Trotter in the principal sum of $650.00, due August 1, 1952. The deed of trust was not placed of record until February 14, 1953, which was subsequent to the date of the transfers hereinafter mentioned. On March 4, 1952, the said J. W. Roberts sold said sawmill to the appellant and executed to him a bill of sale covering the transfer, but containing no reference to the existing encumbrance. According to the testimony of J. W. Roberts, he and the appellant, contemporaneously with the execution of said bill of sale, executed jointly an instrument of writing whereby the appellant assumed the indebtedness to Trotter. On December 16, 1952, the appellant sold the sawmill to Charles

H. Wade, who thereafter claimed the same as an innocent purchaser for value without notice of the encumbrance thereon. Default having been made in the payment of the indebtedness secured by the aforesaid deed of trust, and the original trustee therein having declined to act, Peavey Trotter appointed W. Vol Jones as substituted trustee therein and directed him to take possession of the sawmill and subject it to the payment of the indebtedness under the terms of the deed of trust. Possession of the property being refused to the trustee, he instituted a replevin action against appellant and Charles H. Wade in the Circuit Court of Greene County on February 14, 1953, to recover possession of the property. A transcript of the proceedings in the replevin action, including a transcript of the testimony, was introduced in evidence on the trial of the appellant on the perjury charge, and is before us on this appeal. The affidavit in replevin charged that the property was being wrongfully detained by appellant and Wade and that the trustee was entitled to the immediate possession thereof.

The declaration in the replevin action likewise sought the recovery of the possession of the property from the appellant and Wade. The appellant and Wade filed their answer in the replevin action wherein it was set up that the appellant bought the sawmill from J. W. Roberts without notice of any encumbrance thereon, and then sold the same to Wade, who purchased it without notice of any encumbrance thereon and claimed the same as an innocent purchaser for value. The answer thus negatived any right of possession in the appellant and recognized the right of possession in Wade. Under the pleadings as so framed, the sole issue in the replevin action was whether the trustee was entitled to the possession of the property or whether Wade was entitled to the property as the bona fide purchaser thereof for value without notice. The proof on the trial of the replevin action was undisputed that Wade had purchased the sawmill from the appellant, Eallie Roberts, paying therefor

the sum of $1,051, and that at the time of such purchase he had no notice whatever of the encumbrance on the property, and that he acquired the same as an innocent purchaser for value and without notice of any existing indebtedness or encumbrance thereon. At the conclusion of the plaintiff's proof in the replevin action, the defendants made a motion to exclude the evidence offered on behalf of the plaintiff and to direct a verdict for the defendants. The court, in response to this motion, said: "Gentlemen, I am going to sustain the motion for a directed verdict because taking everything as true, it is undisputed that Mr. Wade holds bill of sale for it and that he swears he paid for it and paid the First National Bank the balance of the indebtedness on it, and he holds the bill of sale, so I am going to sustain the motion for a peremptory instruction and hold Mr. Wade is entitled to possession of the property." Accordingly, judgment was entered adjudging the said Charles H. Wade to be entitled to possession of the property.

On the trial of the replevin action, the appellant Eallie Roberts was called and sworn as an adverse witness in the cause and was asked if it were not a fact that he executed the joint agreement with J. W. Roberts whereby he assumed the indebtedness owing on the sawmill to Peavey Trotter, and he answered that he did not sign it and knew nothing about it. Thereafter the indictment in this cause was returned charging the appellant with perjury predicated upon the claimed falsity of his testimony in the replevin action to the effect that he did not sign the assumption agreement in question.

On the trial of the appellant on the indictment, the state offered as a witness J. W. Roberts, who testified that the appellant signed the instrument in question before the circuit clerk and that the signature affixed thereto was that of the appellant. The State also introduced as a witness the deputy circuit clerk before whom the instrument purported to have been signed, who testified that on the day of the date thereof two men came to the

circuit clerk's office representing themselves to be J. W. Roberts and Eallie Roberts, and each signed said instrument in her presence. She further testified that she did not know either of the men personally and was not able to identify them. The State further introduced in evidence the driver's license of the appellant, which admittedly bore his genuine signature, and a homestead exemption application filed by the appellant and admittedly bearing his genuine signature, and the bill of sale executed by the appellant to Wade, which admittedly bore the appellant's genuine signature. These instruments were introduced in evidence for the consideration of the jury and for the jury's comparison of the appellant's genuine signature with his purported signature on the instrument assuming the indebtedness to Peavey Trotter. The appellant testified in his own behalf and denied that he signed the instrument in question and denied that the same bore his signature. On the submission of the case to the jury, the jury found the appellant guilty as charged and recommended him to the mercy of the court.

One of the main contentions of the appellant on this appeal is that the court erred in refusing his request for a peremptory instruction for the reason that the alleged false testimony given by the appellant on the trial in the replevin action was not material to the determination of the issue involved. We think this contention is well founded. It is well settled under the decisions of this court that to amount to perjury in law the false swearing must have been done with reference to some matter material to the determination of the issue involved. Jennings v. State, 7 So. 462; Nelson v. State, 47 Miss. 621. In the case of Slade v. State, 119 So. 355, the Court quoted the rule as stated in 21 R.C.L. 259, par. 7, as follows:

"While it is necessary that the false testimony be material to the issue being tried or to the point of inquiry, it is not necessary that it be material to the main issue.

The test is whether the statement made could have influenced the tribunal on the issue before it. It is sufficient if it is material to any proper matter of inquiry, and is calculated and intended to prop or bolster the testimony of a witness on some material point, or to support or attack the credibility of such a witness. It may be laid down as a general rule that any testimony which is relevant in the trial of a case, whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and wilfully falsifies in giving it guilty of perjury.''

The sole and only issue as made by the pleadings and the proof in the replevin action was whether or not Wade was an innocent purchaser of the property for value. It was wholly immaterial whether the appellant bought the property with notice of the encumbrance thereon or whether he signed the instrument assuming the indebtedness. Conceding such to be true, it could not affect the rights of Wade who was shown by the undisputed proof to be the innocent purchaser of the property for value. If the case had been submitted to the jury in replevin action, Wade would have been entitled to an instruction that if the jury believed from the evidence that he purchased the property for value and without notice of the encumbrance thereon, it was wholly immaterial whether the appellant purchased the property with notice of the encumbrance or whether the appellant signed the instrument assuming the indebtedness. The question whether or not the appellant purchased the property with or without notice of the encumbrance, or whether or not the appellant signed the assumption agreement was not even a proper subject of inquiry in determining the sole issue as to whether Wade was a purchaser for value. Whether the alleged testimony was true or false, it could not have properly influenced the court to render a judgment against Wade when the undisputed proof showed Wade to be an innocent purchaser of the property for value. Hence we are of the opinion that since the alleged

false testimony was not material to any issue in the replevin action, a charge of perjury can not be predicated thereon under the decisions of this Court, and the appellant's request for a peremptory instruction should have been granted. This conclusion renders unnecessary the consideration of the appellant's other assignments of error.

It follows from the views expressed that the judgment of the court below is revised and the appellant discharged.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Roberds, Hall, Lee, Arrington* and *Ethridge, JJ.,* concur. *Kyle* and *Gillespie, JJ.,* dissent.

GILLESPIE, J., dissenting:

I would affirm. With deference, it seems to me that what the majority has held has so narrowed the rule as to materiality of the false testimony in perjury cases that there is left a vast area within the field of judicial inquiry where a witness can lie with impunity.

Under the rule as to materiality laid down in Slade v. Slade, (Miss.) 119 So. 355, the false testimony was material because (1) it could have influenced the tribunal on the issue before it, the rule being that whether the false testimony did influence the court is not the test, but whether it could; (2) it was a proper matter of inquiry, being one that tended to prove the very point in issue, and was a vital link in the chain of circumstances leading to the vital question of notice on the part of Wade; (3) it tended to bolster the plaintiff's case, and the fact that the plaintiff's case failed is of no consequence, and (4) it directly attacked the credibility of the appellant as a witness, who was on cross-examination.

It seems to me that too much emphasis is put on the fact that the plaintiff in the replevin case failed on the proof. This is not the test. If some evidence had been developed tending to prove notice, whether the assump-

tion agreement was signed by appellant would have been of vital support to the plaintiff's case, for it would be presumed that if appellant had signed the assumption agreement, and, therefore, had notice of the lien, he would not have violated the statute against selling mortgaged property without advising the purchaser of the status of the property as affected by the lien.

*Kyle, J.*, joins in this dissent.